IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TOM LAWYER, | CV 03-1568-BR |
|     Plaintiff, | OPINION AND ORDER |
| v. | |
| NOLAN BORDERS, | |
|     Defendant. | |

**JAMES D. HUFFMAN**
Huffman & O'Hanlon, LLC
P.O. Box 973
St. Helens, OR 97051
(503) 397-6918

    Attorneys for Plaintiff

**ROBERT S. WAGNER**
**STAN LEGORE**
Miller & Wagner LLP
2210 N.W. Flanders Street
Portland, OR 97210
(503) 299-6116

    Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff Tom Lawyer's Second Motion to Amend Complaint (#60) and Motion to Remand (#57). For the reasons that follow, the Court **DENIES** Plaintiff's Second Motion to Amend Complaint and **DENIES as moot** Plaintiff's Motion to Remand.

## BACKGROUND

Plaintiff originally filed this action in Columbia County (Oregon) Circuit Court against the City of Scappoose and Shawn Carnahan, a police officer employed by the City of Scappoose. Plaintiff alleged the defendants violated 42 U.S.C. § 1983 when, under color of state law, they unlawfully retaliated against Plaintiff for exercising his First Amendment right of free speech regarding the alleged embezzlement of funds by the equipment manager of the Scappoose Little League (SLL) program. Plaintiff also asserted state law claims for false arrest, false imprisonment, malicious prosecution, and abuse of process.

The defendants in the state court action removed the case to federal court pursuant to 28 U.S.C. §§ 1441(b) and (c) based on the district court's federal question jurisdiction over the § 1983 claim under 28 U.S.C. §§ 1343(a)(3) and 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

2 - OPINION AND ORDER

After the case was removed, the parties stipulated to dismissal with prejudice of the City of Scappoose and Carnahan and to the substitution of Nolan Borders, a City of Scappoose police officer, as the sole defendant.

On November 12, 2004, this Court granted Defendant Borders's Motion for Summary Judgment as to all of Plaintiff's claims against him.

On December 29, 2004, Plaintiff filed a Motion to Amend Complaint to rejoin the City of Scappoose as a defendant and to add a claim for negligence against the City.

On January 26, 2005, this Court denied Plaintiff's Motion to Amend because a copy of the proposed Amended Complaint was not attached to the Motion as required by LR 15.1(d)(1). The Court, however, granted Plaintiff leave to file a second motion to amend on condition, *inter alia,* that Plaintiff file his motion no later than February 4, 2005, and address in his supporting memorandum the significance of Plaintiff's earlier stipulation to dismiss with prejudice the action against the City of Scappoose. Despite the Court's explicit instructions, Plaintiff filed his Second Motion to Amend on February 8, 2005, after the deadline set by the Court. Moreover, Plaintiff did not address the significance of the previous stipulated dismissal of the City of Scappoose. Nonetheless, Plaintiff now moves to amend his Complaint again.

**STANDARDS**

1. **Motion to File an Amended Complaint.**

Fed. R. Civ. P. 15(a) provides a party may amend a pleading after a responsive pleading has been filed only by leave of court unless the opposing party consents to the amendment. Rule 15(a), however, also provides leave to amend "shall be freely given when justice so requires." "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

The Supreme Court has recognized that one factor a district court must consider when determining whether justice requires the court to grant leave to amend is whether the proposed amendment is futile. "A proposed amendment to a complaint is futile if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Even so, the court should afford a plaintiff the opportunity to test his claim on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended complaint would be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Miller*, 845 F.2d at 214. *See also DCD Programs*, 833 F.2d at 188.

2. **Effect of a Stipulated Order of Dismissal With Prejudice.**

"A voluntary dismissal without prejudice is not adverse to

the plaintiff's interests.  The plaintiff is free to seek an adjudication of the same issue at another time in the same or another forum.  Quite the opposite is true with respect to a voluntary dismissal with prejudice."  *Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995).  "[D]ismissal of [an] action with prejudice pursuant to a settlement agreement constitutes a final judgment on [the] merits and precludes parties from reasserting the same claim in a subsequent action."  *Internat'l Union of Operating Eng'r v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993)(citation omitted).  "By obtaining such a dismissal, the plaintiff submits to a judgment that serves to bar his claims forever."  *Concha,* 62 F.3d at 1507.

The court must consider four factors to determine whether a successive claim constitutes the same claim that previously was voluntarily dismissed with prejudice:

> (1) Whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action, (2) whether substantially the same evidence is presented in the two actions, (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.  The last of these criteria is the most important.

*Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201-02 (9th Cir.), *cert. denied*, 459 U.S. 1087(1982).  *Res judicata* applies "on the ground that the two claims arose out of the same

transaction, without reaching other factors cited in *Costantini*."
*Karr*, 994 F.2d at 1429.

## DISCUSSION

In his proposed Amended Complaint, Plaintiff reasserts state law claims against the City of Scappoose for false arrest or imprisonment, malicious prosecution, and abuse of process. Plaintiff also proposes to add a new claim for negligence. These claims, including the negligence claim, are based on facts identical to those alleged in Plaintiff's complaint against the City of Scappoose initially filed in the removed state court action and voluntarily dismissed by Plaintiff with prejudice. The Court, therefore, concludes Plaintiff's voluntary dismissal with prejudice of all claims against the City of Scappoose in the removed action is a permanent bar precluding the filing of new claims against the City of Scappoose based on the same facts. *See Concha*, 62 F.3d at 1507. Plaintiff's proposed Amended Complaint, therefore, would be futile. Accordingly, the Court denies Plaintiff's Second Motion to Amend Complaint.

In light of the fact that this Court previously granted Defendant Borders's Motion for Summary Judgment, which disposed of all issues then pending in this case, and the Court's denial of Plaintiff's Motion to file an Amended Complaint to include Plaintiff's proposed claim against the City of Scappoose, the

Court concludes there are no issues remaining in this matter. The Court, therefore, denies as moot Plaintiff's Motion to Remand this action to state court.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Second Motion to Amend Complaint (#60), **DENIES as moot** Plaintiff's Motion to Remand (#57), and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 10th day of May, 2005.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge